UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SIMONE JORDAN-EL,**

      **Petitioner,**

                                                          Case No. 1:04-cv-591

v.                                                              Hon. Gordon J. Quist

**DAVID GUNDY,**

      **Respondent.**

                                   /

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

On September 13, 2000, Sergeant D. Eckerly, a female prison guard at the Huron Valley Men's Facility in Ypsilanti, Michigan, cited petitioner for a major misconduct violation of sexual misconduct. "Specifically, Sergeant Eckerly accused the Petitioner of purposely degrading her by exposing himself and urinating in front of her in his cell while she spoke to him from the cell's window." *Jordan-El v. Michigan Department of Corrections*, Wayne County Circuit Court No. 01-108476-AA, slip op. at 1 (Opinion Sept. 5, 2001) (Docket no. 17). Petitioner was found guilty after a hearing on September 27, 2000. *Id.* at 2.

Petitioner filed a timely request for a rehearing pursuant to MCL § 791.254, which was denied on January 12, 2001. *Id.* Petitioner applied to the Wayne County Circuit Court for direct review of the hearing officer's decision on pursuant to MCL § 791.255, raising nine issues:

> I. Hearing investigator Bragg made [an] agreement with petitioner that petitioner would give witnesses to the hearing investigator on 9-25-2000, which is binding on respondent and enforceable by the courts.
>
> II. The claim that material witness Riley's name, inmate number, and cell-lock was not provided is completely false constituting fraud and fraud on the court where it was not disclosed that Sgt. Brown relayed material witness Riley's name, inmate number, and cell-lock on 9-25-2000 for petitioner.
>
> III. The assertion in the record that petitioner refused to comment on other evidence provided, attempted to argue and continued to argue, presented a defense that petitioner was not in petitioner's cell is false.
>
> IV. The denial of material witness Riley contravenes the Fourteenth Amendment of the United States Supreme Court [sic].
>
> V. Petitioner's due process right to present a meaningful defense was violated where material witness Riley was not allowed in evidence.
>
> VI. Using alleged information derived from the pre-hearing preparation stage to discredit petitioner's defense violates due process.
>
> VII. The reporting officer's servant's statement that petitioner['s] witness is a "rat" is admissible as "material evidence" party admission under provisions of 801(d) [sic].
>
> VIII. The hearing officer's decision and final order of the agency clearly is an abuse of discretion resulting in material prejudice to petitioner.
>
> IX. The decision of the agency is not supported by competent, material and substantial evidence on the whole record.

Petitioner's Brief in support of circuit court review (docket no. 16).

The circuit court affirmed the agency's decision. *Jordan-El*, Wayne County Circuit Court No. 01-108476-AA (Order Sept. 5, 2001) (Docket no. 16). Petitioner filed a second "Motion for Judicial Relief" on October 2, 2001.[1] The circuit court denied this motion, which raised a new "double jeopardy" or "double punishment" issue:

---

[1] The file does not contain a copy of this motion.

> The Petitioner is now asking this Court again to overturn his major misconduct violation by means of a motion he filed on October 2, 2001, in which he alleges that he was punished twice for the alleged misconduct at issue in violation of his constitutional due process rights and the constitutional ban on double jeopardy. Specifically, he claims that he was removed from a class he was attending shortly after the alleged incident at the behest of the guard who had cited him for the misconduct, who then proceeded to lock him in his cell. While the Petitioner's motion and attached affidavits do not specify how long he was confined to his cell before his hearing, which took place some two weeks later, it is undisputed that the hearing officer imposed a seven-day "lock-down" punishment upon him after finding him guilty of the misconduct. Consequently, he claims he was punished twice for the same offense.
>
> But this Court need not address the Petitioner's constitutional arguments since the instant motion is the first time he has raised them. Assuming that his allegations are true, he could have informed the hearing officer at the hearing that he had already been disciplined for the alleged offense, but he did not. He also could have raised his "double punishment" argument as part of his written request for a rehearing submitted to the hearing administrator since by that point, the second and purportedly improper order of punishment had been meted out to him. And yet, he did not.
>
> Nor did he raise this issue on his prior motion here that sought judicial review of the proceedings below. But even if he had, this Court would not have been able to entertain such an argument due to the venerable principle of our jurisprudence that, "[i]ssues and arguments raised for the first time on appeal are not subject to review." In re Forfeiture of Certain Personal Property, 441 Mich 77, 84 (1992); Franklin Mining Co v Harris, 24 Mich 115, 117 (1971); Lantz v Southfield City Clerk, 245 Mich App 621, 627-628, n 4 (2001). Moreover, Michigan courts "have only deviated from that rule in the face of exceptional circumstances." Booth Newspapers, Inc v University of Michigan Board of Regents, 444 Mich 211, 234, n 23 (1993). Ths Court is satisfied that no such exceptional circumstances are present here. It is far too late in the day for this Court to consider issues that the Petitioner could have raised long ago. His motion for judicial relief will be denied.

*Id.,* slip op. at 2-4 (Opinion Jan. 8, 2002) (Docket no. 16).

Petitioner filed a delayed application to appeal to the Michigan Court of Appeals. In an exhibit attached to the present habeas, petitioner indicates that he raised either two or five issues in his delayed application. *See* Attachment E to Petition. However, the Michigan Court of Appeals transcript does not include such a list of petitioner's claims raised to that court. Petitioner's

3

delayed application contends that the hearing officer made false assertions in his decision: regarding petitioner's statements at the hearing; regarding petitioner's refusal to provide the name of the "material witness" at the hearing; regarding petitioner's continuous arguing with the hearing officer about the material witness' name; and regarding the substance of a witness' statement at the hearing. *See* Delayed application for appeal (Docket no. 16). The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *Jordan-El v. Department of Corrections*, No. 243432 9mich. App. Jan. 9, 2003).

Petitioner raised two issues in his application for leave to appeal to the Michigan Supreme Court:

I. The hearing investigator's statement that material witness Riley's name was not provided is false where it was not disclosed that Sgt. Brown gave the hearing investigator witness Riley's name, number, and lock for petitioner by telephone on 9/25/2000.

II. The denial of material witness Riley['s] statement based solely on the statement of the hearing investigator that petitioner never provided the name, number and lock at odds with fundamental fairness of due process.

The Michigan Supreme Court denied the application. *Jordan-El v. Department of Corrections*, No. 123385 (Mich. July 8, 2003).

Petitioner raised the following claims in his petition seeking habeas relief (in his own words):

I. The hearing investigator's statement that material witness was not provided is false.

On 9/25/2000 witness Riley's name, number, and lock was given to Sgt. Brown who while in presence of the Petitioner relayed the information by telephone to the Hearings Investigator.

4

II. The denial of material witness Riley based on solely on the statement of the hearing investigator that petitioner never gave witness Riley's name, number and lock is at odds with fundamental fairness of due process.

The hearing opened proofs on whether I gave Witness Riley's name, number, and lock to the hearings investigator. The hearing officer called the hearings investigator. The hearing officer called the hearing investigator without calling Sgt. Brown. The hearing investigator had a clear interest in stating that the Petitioner did not provide witness Riley's name, number and lock because to answer in favor of Petitioner would have been admitting to not doing the duties as the investigator. The result was allowing the hearing investigator's false statement to go uncorrected. The hearing investigator said in a statement to the hearing officer stated that I requested a witness without further stating why the witness statement was not obtained when the reasons could have been provided in the written statement at the time it was made.

III. Conviction obtained by a violation of the Protection against double jeopardy.

The reporting staff member imposed summary punishment upon the Petitioner prior to issuing the misconduct report confining the Petitioner to the Petitioner's cell, when the Michigan Dep't of Corrections Policy does not authorize imposing summary punishment in addition to issuing a misconduct report. According to MDOC Policy once summary punishment is imposed, a misconduct report cannot be issued.

## II. Exhaustion and procedural default

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here,

petitioner failed to exhaust the "double punishment" claim (Issue III) in either the Michigan Court of Appeals or the Michigan Supreme Court. Furthermore, the Wayne County Circuit Court refused to address this issue, because petitioner did not properly raise it in his initial application to the court.

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

Here, the Wayne County Circuit Court declined to address Issue III because petitioner violated a "venerable principle" of Michigan law when he failed to raise the issue in his first appeal. Because the state court determined that Issue III was procedurally defaulted, habeas review of this issue claims is precluded unless petitioner can demonstrate "cause for the default and actual

6

prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner raises no argument that cause exists to excuse his procedural default. Petitioner's failure to demonstrate cause prevents federal review of his habeas claim unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

A credible claim of actual innocence must be based on reliable evidence not presented at trial. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Paffhousen v. Grayson*, No. 00-1117, 2000 WL 1888659 at *3 (6th Cir. Dec. 19, 2000). Petitioner has not presented any new evidence demonstrating his actual innocence of the major misconduct for which he was convicted. Absent such evidence, petitioner has failed to demonstrate that a fundamental miscarriage of justice would exist by denying habeas review of his procedurally defaulted claim. *Coleman*, 501 U.S. 722. Accordingly, petitioner's procedural default precludes federal habeas review of this issue.

### III.    Standard of review under § 2254

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–

>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*).  An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct.  28 U.S.C. § 2254(e)(1).  A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous.  *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

    **IV. Petitioner's remaining claims are without merit.**

In his remaining claims, petitioner contends that his due process rights were denied when the hearing investigator failed to interview a witness whose name had been provided by petitioner.  The circuit court quoted the hearing officer's conclusions with respect to this claim:

> Prisoner Jordan has had from 9/13/00 until 9/27/00 to provide the Hearing Investigator with the names of any witnesses.  He has refused to provide his witness names to the Hearing Investigator.  At this hearing on 9/27/00 he once again refused

> to provide the name of a witness. Admin. Rule 791.3315 provides in section 5(d) that a prisoner is allowed statements from relevant witnesses only if the prisoner ha[s] reasonably cooperated with the staff Investigator. Prisoner Jordan has not acted in good faith with the Hearing Investigator nor with this hearing officer. He has refused for two weeks to provide the Hearing Investigator with the names of his witnesses and refused on 9/27/00 at this hearing to provide the name. No further investigation is required nor necessary and the hearing will be completed with evidence.

*Jordan-El*, No. 01-108476-AA (Order Sept. 5, 2001) at p. 16 (quoting hearing officer's decision).

Petitioner contends that he had written the name of his witness on a piece of paper but could not find it when the hearing investigator visited him prior to the hearing. *Id.* at 15. Later that day, petitioner claims that he located the piece of paper, identified the witness as having the surname "Riley," gave it to a Sergeant Brown, who then telephoned the hearing investigator with the information on Mr. Riley. *Id.* Petitioner provided an affidavit to the Wayne County Circuit Court which stated in part "that Sergeant Brown made the telephone call in his presence, not to mention that of a prisoner by the name of Lee-El, and even, 'possibly,' in Mr. Riley's presence as well." *Id.* However, the circuit court rejected petitioner's claim:

> But the Petitioner has not, in any of his voluminous filings here and below, ever provided an affidavit from Sergeant Brown, Lee-El [a prisoner who allegedly witnessed Brown's telephone call], or Riley corroborating his account of the alleged telephone call. Nor does he explain why he was unable himself to secure an affidavit from Mr. Riley before the hearing as he did from Mr. Butler-El [another prisoner who claims to have overheard Eckerly telling an officer that she was going to issue a citation to petitioner]. Furthermore, he has not explained his admitted failure to have Mr. Riley's name on hand when he went to the hearing itself.

*Id.* at 15-16.

Petitioner has failed to demonstrate a violation of his due process rights. Inmates facing serious disciplinary charges are entitled to written notice of the hearing at least twenty-four hours in advance; an opportunity, when consistent with institutional safety and correctional goals,

to call witnesses and present documentary evidence in his defense; and a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Sarmiento v. Hemingway*, 93 Fed.Appx. 65, 66 (6th Cir. 2004). Furthermore, "the requirements of due process are satisfied if some evidence supports the decision" by prison officials. *Superintendent, Massachusetts Correctional Institute v. Hill*, 472 U.S. 445, 455-56 (1985).

There is no dispute that petitioner had sufficient notice and that the factfinder issued a written statement setting forth the evidence relied upon for the disciplinary action. Petitioner's sole due process claim is that he was prevented from calling a witness named Riley. Petitioner's claim is without merit. The hearing officer found that petitioner had more than one opportunity to produce Riley as a witness, but refused to even identify Riley by name. After reviewing the administrative proceedings, the circuit court affirmed the hearing officer's decision. Petitioner made no attempt to present other evidence to corroborate his claim regarding Riley. Even if the hearing investigator had known about Riley and failed to interview him, petitioner had additional opportunities to identify Riley as a witness. Under the facts of this case, petitioner was accorded due process.

### V.   Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Entered:  July 6, 2007                    /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).